O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ALEJANDRO GALVEZ,

Plaintiff,

v.

JANAN CAVAGNOLO, Acting Warden,[1]

Defendant.

Case No. 2:22-cv-04307-CAS-RAO

**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

## I. INTRODUCTION

On June 18, 2025, United States Magistrate Judge Rozella A. Oliver (the "Magistrate Judge") issued a Report and Recommendation denying petitioner Alejandro Galvez's ("Petitioner") petition for a writ of habeas corpus, dkt. 1, ("Petition"). Dkt. 23 ("R&R"). On August 7, 2025, Petitioner, *in pro per*, filed his objections to the R&R. Dkt. 26 ("Objection" or "Obj.").

[1] Petitioner is currently incarcerated at California State Prison, Solano. Janan Cavagnolo, the acting warden at California State Prison, Solano, is therefore substituted in as the proper Respondent. See Fed. R. Civ. P. 25(d).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has reviewed the records and files herein, the R&R of the Magistrate Judge, and Petitioner's objections thereto. After having made a *de novo* determination of the portions of the R&R to which Petitioner's objections were directed, the Court accepts the report, findings, and recommendations of the Magistrate Judge.

## II. BACKGROUND

On November 21, 2017, a Los Angeles County Superior Court jury convicted Petitioner of first-degree murder and premeditated attempted murder. R&R at 1-2. The jury also found firearm-use allegations, a great bodily injury allegation, and a lying-in-wait special circumstance allegation to be true. Id. On December 1, 2017, the trial court sentenced Petitioner to life in prison without the possibility of parole plus 50 years to life plus four years. Id. at 2.

Petitioner then appealed to the California Court of Appeal, arguing that (1) there was insufficient evidence to support the lying-in-wait special circumstance and (2) remand was necessary to allow the trial court to exercise its discretion whether to strike the firearm enhancements. Id. On May 29, 2019, the California Court of Appeal affirmed the judgment. Id. On September 11, 2019, the California Supreme Court granted review and ordered the Court of Appeal to remand the matter to the trial court to exercise its discretion as to whether the firearm-use enhancements should be stricken. Id.

On September 16, 2019, pursuant to the California Supreme Court's order, the California Court of Appeal vacated its May 2019 decision. Id. On December 9, 2019, Petitioner, in *pro per*, filed an *ex parte* motion in the Los Angeles County Superior Court to reduce his restitution fine. Id. The trial court interpreted that motion as a habeas corpus petition and denied it on February 4, 2020. Id. On February 6, 2020, the California Court of Appeal remanded to the trial court so it

may exercise its discretion whether to strike Petitioner's firearm-use enhancements and affirmed the judgment in all other respects. Id.

On March 16, 2020, Petitioner, acting through counsel, filed a second petition for review with the California Supreme Court to "preserve[] his right to obtain federal review of the sufficiency of the evidence issue, raised in the Court of Appeal, then raised on the first petition for review, but not mentioned in the order of [the California Supreme Court] for a grant and retransfer but just on the sentencing issue." Id. On May 13, 2020, the California Supreme Court summarily denied review. Id.

On October 6, 2020, the trial court conducted a hearing on remand, after which it declined to strike the firearm-use enhancements.[2] Id. at 3.

On June 9, 2022, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, arguing that there was insufficient evidence to support the lying-in-wait special circumstance.[3] Id. On September 22, 2022, Respondent filed a Motion to Dismiss the Petition as time-barred and lodged the relevant state records. Dkt. 9. On October 20, 2022, Petitioner filed a Reply to Respondent's Motion to Dismiss. Dkt. 13 ("Reply").

---

[2] Respondent states that the trial court hearing occurred on October 26, 2020, but it appears that the hearing took place on October 6, 2020. Answer at 3; Lodg. No. 14 at 31-32. Whether the hearing took place on October 6 or October 26 does not impact the timeliness analysis because regardless of the date it occurred, the Petition is untimely.

[3] Under the "mailbox rule," when a *pro se* petitioner in custody gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010). Respondent argues that the mailbox rule does not apply in this case because Petitioner did not deliver the Petition to prison authorities within the limitation period. Answer at 4 (citing Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014)). Whether the Petition was "filed" on June 9 or June 21, 2022 does not impact the timeliness analysis because regardless of the date it occurred, the Petition is untimely.

On November 8, 2022, the Magistrate Judge issued a R&R recommending that the Motion to Dismiss be granted for untimeliness. Dkt. 15. On November 28, 2022, Petitioner filed his objections to the R&R and the finding of untimeliness, arguing that his state appellate counsel delayed sending him the court record, his state appellate counsel delayed in replying to his letter until she obtained translation services, and that his state appellate counsel could not respond to Petitioner's letter until she received certain records related to his case. Dkt. 16. The Magistrate Judge then withdrew the R&R, denied the pending Motion to Dismiss without prejudice, and directed Respondent to file an answer addressing the claims raised in the Petition while still permitting Respondent to restate its argument that the petition is time barred. Dkt. 17. On November 5, 2024, Respondent filed its Answer to the petition. Dkt. 20 ("Answer").

On June 18, 2025, the Magistrate Judge issued the instant R&R. Dkt. 23. Magistrate Judge Oliver recommends that the Court deny the Petition and dismiss this action with prejudice. R&R at 27. On August 7, 2025, Petitioner filed his objections to the R&R. Dkt. 26 ("Obj."). Because the facts at issue regarding Petitioner's claims are comprehensively set forth in the R&R, the Court does not repeat them unless relevant to the Court's decision. R&R at 4-10.

## III. LEGAL STANDARD

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge.

Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise."). Where no objection has been made, arguments challenging a finding are deemed waived. See 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." Chith v. Haynes, No. C18-5342 BHS, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner whose claim has been "adjudicated on the merits" cannot obtain federal habeas relief unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

## IV. DISCUSSION

In his Objection, Petitioner maintains that he is entitled to habeas relief. See generally Obj.

The Court will address each claim in the order that Petitioner objected to the Magistrate Judge's findings.

//

**A. Equitable Tolling**

Petitioner argues that he is entitled to equitable tolling because his appellate counsel is to blame for the late filing of his Petition. Obj. at 2. Petitioner contends that there were extraordinary circumstances present beyond his control and that he acted with diligence when he attempted to contact his appellate counsel no fewer than three times. Id. Petitioner argues that despite the steps he took to "untangle" the issue, his appellate counsel's failure to forward his appeal transcripts led to his untimeliness. Id.

The Court is not persuaded by this objection. First, the Court notes the high bar required to satisfy the standard for equitable tolling. "[E]quitable tolling is unavailable in most cases." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation modified).

For equitable tolling to apply, a petitioner must show that "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)).

Petitioner has not met the standard for equitable tolling. Although Petitioner argues he exercised due diligence by securing assistance from a "jailhouse lawyer" and contacting his appellate counsel multiple times, Obj. at 2, Petitioner's Exhibit A shows outreach by Petitioner to his appellate counsel only after the December 7, 2021 deadline to file his Petition. Dkt. 13 at Ex. A. Petitioner does not detail the steps he took to secure the transcripts before that deadline passed. See Hamilton v. Gonzalez, 2009 WL 3517612, at *4 (N.D. Cal. Oct. 26, 2009) (finding petitioner

not entitled to equitable tolling where petitioner's efforts to obtain records and transcripts did not occur until after the limitation period had run). The Court agrees with the Magistrate Judge that Petitioner's communication with his attorney in 2018, also included in Exhibit A, occurred prior to Petitioner filing his direct appeal in state court and therefore is not relevant to this analysis. Dkt. 13 at Ex. A; R&R at 17.

In regard to extraordinary circumstances, the Court again agrees with the Magistrate Judge that Petitioner did not adequately identify what information was required from the transcripts to file his Petition. R&R at 17-18; Green v. Hornbreak, 312 F. App'x 915, 916 (9th Cir. 2009) (finding no extraordinary circumstance where petitioner failed to provide concrete details regarding the information she needed from the missing documents).

Finally, Petitioner's argument that his ignorance of the law was because his primary language is Spanish is not persuasive due to the fact that Petitioner admits that he received assistance from a fellow inmate to prepare his Petition. Obj. at 2-3. The "'existence of a translator who can read and write English and who assists a petitioner during appellate proceedings' renders equitable tolling inapplicable for that petitioner." Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006) (quoting Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002)).

Accordingly, the Petition is time barred and Petitioner does not meet the standard for equitable tolling.

**B. Insufficient Evidence Claim**

Assuming *arguendo* that the Petition was timely, Petitioner's insufficient evidence claim does not merit relief. Petitioner argues that he went to Hernandez's home to chat about their relationship, and upon seeing her new boyfriend Duran answer the door, Petitioner killed him in the heat of passion after an argument. Obj. at 3. Petitioner claims there was not "due deliberation and reflection,"

therefore there is insufficient evidence to support that Petitioner was waiting for a substantial period of time and attacked Duran by surprise, two of the three elements of a lying-in-wait special circumstance allegation. Id. at 3-5.

Under California law, the special circumstance of murder while lying in wait requires "an intentional murder, committed under circumstances which include (1) a concealment of purpose, (2) a substantial period of watching and waiting for an opportune time to act, and (3) immediately thereafter, a surprise attack on an unsuspecting victim from a position of advantage." People v. Casares, 62 Cal. 4th 808, 827 (2016) (quoting People v. Morales, 48 Cal. 3d 527, 557 (1989)). Concealment is established by "showing that a defendant's true intent and purpose were concealed by his actions or conduct. It is not required that he be literally concealed from view before he attacks the victim." People v. Moon, 37 Cal. 4th 1, 22 (2005); see also People v. Superior Court (Bradway), 105 Cal. App. 4th 297, 306, 310, (2003) (citations omitted) ("Case law has construed the meaning of lying in wait to include not only killings from ambush, but also murders in which the killer's purpose was concealed[.]"). Additionally, there has never been "a fixed time limit on this requirement. Indeed, the opposite is true, for we have previously explained that '[t]he precise period of time is also not critical.'" Moon, 37 Cal. 4th at 23 (quoting People v. Ceja, 4 Cal. 4th 1134, 1145 (1993)). Observation of a victim also need not occur. People v. Sims, 5 Cal. 4th 405, 433 (1993). "The factors of concealing murderous intent, and striking from a position of advantage and surprise, are the hallmark of a murder by lying in wait." People v. Stevens, 41 Cal. 4th 182, 202 (2007) (internal quotation marks and citations omitted).

Petitioner argues that there could not have been a surprise attack because Duran opened the door of the home and knew Petitioner was outside prior to doing so. Obj. at 5. Petitioner also argues that Duran was "at least concerned" before he

went to the door because he left his gun with Hernandez. Id. According to Petitioner, these facts establish that a surprise attack did not occur. Id.

The Court is not persuaded by this objection. Satisfying the element of concealment does not require physical concealment but rather concealment of one's purpose. Moon, 37 Cal. 4th at 22. The Court agrees with the Magistrate Judge that Petitioner concealed his true purpose from Duran and Hernandez when he arrived at their home with two guns, extra loaded magazines, and a knife, while communicating to them that he only wanted to talk and would leave after a conversation. R&R at 24. The Court of Appeal was correct when it found this behavior by Petitioner demonstrated concealment of purpose. Id. at 25.

Accordingly, habeas relief is not warranted for Petitioner's insufficient evidence claim.[4]

---

[4] In his Objection, Petitioner raises a new claim alleging that he had inadequate notice of the lying-in-wait allegation, and that Sheppard v. Rees, 909 F.2d 1234 (9th Cir. 1989) requires reversal. Obj. at 5. "A trial cannot be fair unless the nature of the charges against a defendant are adequately made known to him or her in a timely fashion." Sheppard, 909 F.2d at 1237 (citing Strickland v. Washington, 466 U.S. 668, 685 (1984)). The Court cannot review this claim because it does not appear to be included in the initial Petition, nor was it raised by Petitioner in his state court proceedings. See generally Petition; Lodg. 1; Lodg. 3; Lodg. 5; Lodg. 11; see 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State; or . . . there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant."); Harrington v. Richter, 562 U.S. 86, 103 (2011) (stating "a habeas petitioner challenging a state conviction must first attempt to present his claim in state court."). Even if the Court could review this claim, it lacks merit because a review of the record demonstrates that the trial court permitted Respondent to include the lying-in-wait allegation at a preliminary hearing on July 5, 2016, after briefing by both parties, where Petitioner was present with counsel and a translator. Lodg. 15 at 000003-05. Therefore, Petitioner had adequate notice of the lying-in-wait allegation. Percelle v. Kane, No. C 05-5063 WHA (PR), 2007 WL 9706132, at *3 (N.D. Cal. Apr. 9, 2007) (finding that petitioner received adequate notice at a preliminary hearing).

## V. CONCLUSION

Having completed its review, the Court accepts the findings and recommendations set forth in the Report. Accordingly, IT IS ORDERED that: (1) this Report and Recommendation is **ACCEPTED**; and (2) judgment shall be entered dismissing this action with prejudice. Petitioner's petition for a writ of habeas corpus is **DENIED**.

Dated: August 10, 2026

Christina A. Snyder

HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE